IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00213-BNB

DAVON Q. WILLIAMS,

    Plaintiff,

v.

ALEX J. MARTINEZ, Manager of Public Safety, City and County of Denver, in his
    official and individual capacities,
GARY WILSON, Director, Denver Sheriff's Department, in his official and individual l
    capacities,
DENVER SHERIFF'S DEPARTMENT, DEPUTIES AND SERGEANTS, in their official
    and individual capacities,
DENVER POLICE OFFICERS AND DETECTIVES 1-5, City and County of Denver, in
    their official and individual capacities, and
ANTHONY I. TAYLOR,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Davon Q. Williams, was detained in the Denver Downtown Detention Center at the time he initiated this action on January 24, 2014.  He has filed, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  Mr. Williams has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

    The Court must construe the Complaint liberally because Mr. Williams is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  See *Hall*, 935 F.2d at 1110.   The Court has reviewed the complaint and has determined that it is deficient.  For the reasons discussed below,

Mr. Williams will be ordered to file an amended complaint.

Mr. Williams alleges in the Complaint that after he was taken into custody by unidentified police officers, he was evicted from his apartment, and his valuable personal property was confiscated. He states that Denver police officers convinced him to leave the property at his apartment upon his arrest. Plaintiff further alleges that he was not served with eviction papers by the Denver Sheriff's Department civil unit while in custody. He claims that these acts constitute gross negligence by the Defendants. Mr. Williams further claims that he was placed on an investigative hold and detained without due process of law. Plaintiff seeks monetary relief.

The Complaint is deficient because Mr. Williams fails to allege the personal participation of each named Defendant in a violation of his constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant, such as the Denver Manager of Public Safety or the Director of the Denver Sheriff's Department, may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat

superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Furthermore, Mr. Williams may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Williams uses fictitious names he must provide sufficient information about each defendant so as to identify that individual for purposes of service. Plaintiff must also allege specific facts to show that the defendant was personally involved in a deprivation of his constitutional rights.

Finally, to state a due process claim based on a state official's unpredictable or random and unauthorized deprivation of property, Mr. Williams must allege facts to show that one or more of the Defendants was personally involved in the deprivation of his personal property, and, that he did not have an adequate post-deprivation remedy, such as a state law tort claim. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013). Colorado law provides adequate post-deprivation remedies, such as a cause of action for conversion or replevin. *See, e.g., City and County of Denver v. Desert Truck Sales, Inc.,* 837 P.2d 759 (Colo. 1992) (holding that replevin claim based on allegation that personally property was wrongfully detained by Denver police was a conversion-based tort claim); *see also* COLO.REV.STAT. § 24-10-118 (2013) (waiving sovereign immunity for public employees whose tortious conduct was wilful and wanton). By contrast, "[i]n situations where the State feasibly can provide a predeprivation hearing before taking property, it

generally must do so regardless of the adequacy of a post deprivation tort remedy to compensate for the taking." *Zinermon v. Burch*, 494 U.S. 132 (1990).

In sum, Mr. Williams must allege specific facts to show how each Defendant deprived him of a constitutional right.  Accordingly, it is

ORDERED that Plaintiff, Davon Q. Williams, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Williams shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Williams fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss some of the claims and defendants without further notice for the reasons discussed above.  It is

DATED May 7, 2014, at Denver, Colorado.

                                            BY THE COURT:

                                             s/ Boyd N. Boland
                                            United States Magistrate Judge