IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00213-BNB

DAVON Q. WILLIAMS,

    Plaintiff,

v.

ALEX J. MARTINEZ, Manager of Public Safety, City and County of Denver, in his
    official and unofficial capacities,
GARY WILLIAMS, Director, Denver Sheriff's Department, City and County of Denver, in
    his official and unofficial capacities,
DENVER SHERIFF'S DEPARTMENT, DEPUTIES AND SERGEANTS, in their official
    capacity, City and County of Denver,[1] and
DENVER POLICE OFFICERS AND DETECTIVES 1-5, City and County of Denver, in
    their official capacity, City and County of Denver,[2]

    Defendants.

---

SECOND ORDER TO FILE AMENDED COMPLAINT

---

Plaintiff, Davon Q. Williams, was detained in the Denver Downtown Detention Center at the time he initiated this action on January 24, 2014. He now is in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Canón City, Colorado. Mr. Williams has filed, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

On May 7, 2014, the Court reviewed the Complaint and determined that it was

---

[1] The Court has amended the caption to accurately reflect that the Denver Sheriff's Department, Deputies and Sergeants, are sued in their official capacities only.

[2] The Court has amended the caption to accurately reflect that the Denver Police Officers and Detectives are sued in their official capacities only.

deficient because Mr. Williams failed to allege the personal participation of each named Defendant in a deprivation of a right secured by the United States Constitution.  The Court ordered Plaintiff to file an Amended Complaint within thirty days of the May 7 Order.  Mr. Williams was warned that failure to file an Amended Complaint by the court-ordered deadline may result in some claims and Defendants without further notice.  Mr. Williams did not file an Amended Complaint within the time allowed.  However, it has come to the Court's attention that the May 7 Order failed to advise Mr. Williams of another deficiency in his Complaint.

The Court must construe the Complaint liberally because Mr. Williams is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  See *Hall*, 935 F.2d at 1110.  For the reasons discussed below, Plaintiff will be given one additional opportunity to file an Amended Complaint.

Mr. Williams alleges in the Complaint that he was evicted from his apartment and his valuable personal property was confiscated after he was taken into custody and detained over the weekend by unidentified Denver police officers.  He states that Denver police officers convinced him to leave the personal property at his apartment upon his arrest.  Plaintiff further alleges that he was not served with eviction papers by the Denver Sheriff's Department civil unit while in custody.  He claims that these acts constitute gross negligence by the Defendants.  Mr. Williams further claims that he was placed on an "investigative hold" and detained without due process of law. (ECF No. 8, at 5). Plaintiff seeks damages to compensate him for the loss of personal property.

As discussed in the May 7 Order, the Complaint is deficient because Mr. Williams

fails to allege the personal participation of Defendants Martinez and Williams, sued in their individual capacities, in connection with the claimed violation of his constitutional rights.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Further, a supervisor defendant, such as the Denver Manager of Public Safety or the Director of the Denver Sheriff's Department, may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff's claims against Defendants Martinez, Williams, the unidentified deputies and sergeants of the Denver Sheriff's Department, and the unidentified police officers and detectives of the Denver Police Department, sued in their official capacities, are construed as claims against the City and County of Denver. *See Hafer v. Melo*, 502

U.S. 21, 25 (1991).  To hold the City and County of Pueblo liable under 42 U.S.C. § 1983, Plaintiff must show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Local government entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.  Mr. Williams does not allege specific facts in the Complaint to show that the alleged constitutional deprivations were caused by a policy or custom of the City and County of Denver.

Finally, because Mr. Williams does not sue the individual unidentified law enforcement officers in their personal capacities, the Court does not construe the Complaint to assert such claims.  Accordingly, it is

ORDERED that Plaintiff, Davon Q. Williams, file **within twenty-one (21) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Williams shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that the Court may dismiss this action without further

notice if Mr. Williams fails to file an amended complaint that complies with this order within the time allowed.

    DATED June 19, 2014, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge