IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00213-BNB

DAVON Q. WILLIAMS,

    Plaintiff,

v.

ALEX J. MARTINEZ, Manager of Public Safety, City and County of Denver, in his
    official and unofficial capacities,
GARY WILLIAMS, Director, Denver Sheriff's Department, City and County of Denver, in
    his official and unofficial capacities,
DENVER SHERIFF'S DEPARTMENT, DEPUTIES AND SERGEANTS, in their official
    capacity, City and County of Denver, and
DENVER POLICE OFFICERS AND DETECTIVES 1-5, City and County of Denver, in
    their official capacity, City and County of Denver,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Davon Q. Williams, was detained in the Denver Downtown Detention Center at the time he initiated this action on January 24, 2014. He is now in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Canón City, Colorado. Mr. Williams has filed, *pro se*, a Prisoner Complaint (ECF No. 8) alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

On May 7, 2014, the Court reviewed the Complaint and determined that it was deficient because Mr. Williams failed to allege the personal participation of the Defendants in a deprivation of his constitutional rights. The Court thus ordered Plaintiff to file an Amended Complaint within thirty days of the May 7 Order. Mr. Williams was

warned that failure to file an Amended Complaint by the court-ordered deadline may result in the dismissal of some or all of this action without further notice. Mr. Williams did not file an Amended Complaint by the court-ordered deadline.

Upon further review, the Court determined that the May 7 Order failed to advise Mr. Williams of another deficiency in his Complaint. Accordingly, the Court issued a Second Order to File Amended Complaint to Mr. Williams on June 19, 2014, informing him that the Complaint was deficient because he failed to allege the personal participation of the Defendants in a constitutional deprivation and also failed to allege facts to show that a municipal policy or custom caused his alleged constitutional injuries. Magistrate Judge Boland ordered Mr. Williams to file an Amended Complaint within thirty days of the June 19 Order and warned him that failure to comply may result in dismissal of some or all of this action without further notice.

On July 15, 2014, Mr. Williams filed a Letter with the Court (ECF No. 23), stating that he wished to "amend the defendants." In a July 16, 2014 Minute Order, Magistrate Judge Boland reminded Plaintiff that he must file an Amended Complaint that included all of his claims for relief against the Defendants that he intends to sue. Magistrate Judge Boland granted Plaintiff an extension of time, to August 15, 2014, to file his Amended Complaint and warned him that failure to comply with the July 16 Minute order and with the June 19 Order may result in dismissal of some or all of this action without further notice.

Mr. Williams did not file an Amended Complaint by the court-ordered deadline. The Court therefore reviews the sufficiency of the original Complaint pursuant to D.C.COLO.LCivR 8.1(b).

Mr. Williams has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Complaint liberally because Mr. Williams is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed.

Mr. Williams alleges that after he was taken into custody and detained over the weekend by unidentified Denver police officers, he was evicted from his apartment and his valuable personal property was confiscated. He states that Denver police officers convinced him to leave the personal property at his apartment upon his arrest. Plaintiff further alleges that he was not served with eviction papers by the Denver Sheriff's Department civil unit while in custody. He claims that these acts constitute gross negligence by the Defendants. Mr. Williams further asserts that he was placed on an "investigative hold" and detained without due process of law. (ECF No. 8, at 5). Plaintiff seeks damages to compensate him for the loss of personal property.

Plaintiff's claims against Defendants Martinez, Williams, the unidentified deputies and sergeants of the Denver Sheriff's Department, and the unidentified police officers

and detectives of the Denver Police Department, sued in their official capacities, are construed as claims against the City and County of Denver. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Magistrate Judge Boland warned Mr. Martinez in the June 19 Order that to hold the City and County of Denver liable under 42 U.S.C. § 1983, Plaintiff must show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Local government entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Mr. Williams does not allege specific facts in the Complaint to show that the alleged constitutional deprivations were caused by a policy or custom of the City and County of Denver. Accordingly, the Defendants, sued in their official capacities, are improper parties to this action and will be dismissed.

Mr. Williams also sues Defendant Martinez, the Denver manager of public safety, and Defendant Williams, the director of the Denver Sheriff's Department, in their personal capacities. As discussed in the May 7 and June 19 Orders, the Complaint is deficient because Mr. Williams fails to allege the personal participation of Defendants Martinez and Williams in a violation of his constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must

be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Because Mr. Williams does not allege specific facts to show that Defendants Martinez and Williams were personally involved in an alleged constitutional deprivation, those Defendants, sued in their personal capacities, are improper parties to this action and will be dismissed.

Finally, as Magistrate Judge Boland informed Mr. Williams in the June 19 Order, the Court does not construe the Complaint to assert personal capacity claims against the individual unidentified law enforcement officers because Plaintiff states that he is suing those individuals in their official capacities only. Accordingly, it is

ORDERED that the Complaint and this action are DISMISSED with prejudice. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  26th  day of    August    , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court